[Cite as *In re E.D.*, 2012-Ohio-6171.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


IN THE MATTER OF:                    :

    E.D., et al.                              :          CASE NO.  CA2012-03-007

                       :          O P I N I O N
                                 12/28/2012

                        :

                        :


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 11AND0439


Jerry E. Buskirk & Associates, Susan R. Wollscheid, 121 West Market Street, P.O. Box 176, Washington C.H., Ohio 43160, for appellant, C.J.

Jess C. Weade, Fayette County Prosecuting Attorney, James B. Roach, 110 East Court Street, Washington C.H., Ohio 43160, for appellee, Children Services

April Hawkins, 12990 Stratford Road, Leesburg, Ohio 45135, pro se

John DePugh, 809 Washington Avenue, Washington C.H., Ohio 43160, pro se

Roger Dennen, #A605588, London Correctional Institution, P.O. Box 69, London, Ohio 43140, pro se

Kenneth Jackson, #A645323, London Correctional Institution, P.O. Box 69, London, Ohio 43140, pro se


**RINGLAND, J.**

{¶ 1}  Appellant appeals a decision of the Fayette County Common Pleas Court,

Juvenile Division, granting legal custody of her minor children, E.D. and A.J., to third-party nonparents. For the reasons that follow, we affirm the decision of the juvenile court.

{¶ 2} In July 2011, the juvenile court granted temporary custody of appellant's children to the Fayette County Department of Job and Family Services (FCDJFS) after that agency filed complaints alleging that the children were neglected and dependent. The complaints were filed after the Washington Court House Police Department had taken custody of the children out of concern that appellant was using illegal drugs while the children were in her care. The FCDJFS placed E.D. with his paternal aunt, A.H., and placed A.J. with his paternal uncle and aunt, J.D. and K.D.[1] Both children remained in their respective placements during the pendency of this case.

{¶ 3} FCDJFS developed a case plan for appellant that asked her to undergo substance abuse treatment, complete parenting courses, and learn how to provide basic needs for herself and her children. However, appellant's attendance at her substance abuse treatment sessions and her parenting classes was sporadic, she paid very little child support for the care of her children, and she never obtained full-time employment. Additionally, in December 2011, an ambulance had to be called to appellant's residence because one of her acquaintances who had come to her residence suffered a seizure. The acquaintance was taken to the hospital where she later died, with the cause of her death being ruled as an accidental drug overdose.

{¶ 4} In December 2011, A.H. filed a pro se motion for legal custody of E.D., and two months later, FCDJFS requested that legal custody of A.J. be awarded to J.D. and K.D. In March 2012, the juvenile court granted legal custody of E.D. to A.H., and legal custody of A.J. to J.D. and K.D.

---

1. E.D. and A.J. have different fathers.

- 2 -

{¶ 5} Appellant presents one issue for review, which we shall treat as her assignment of error:

{¶ 6} "THE [TRIAL] COURT ERRED BY GRANTING LEGAL CUSTODY TO A THIRD PARTY NON-PARENT AGAINST THE BEST INTEREST OF THE MINOR CHILDREN."

{¶ 7} Appellant argues the trial court abused its discretion in granting legal custody of E.D. and A.J. to nonparents because the state failed to provide sufficient evidence to prove that doing so was in the children's best interest. We disagree.

{¶ 8} "'After a child is adjudicated abused, neglected, or dependent, the [juvenile] court may award legal custody to a nonparent upon a demonstration by a preponderance of the evidence that granting legal custody to the nonparent is in the child's best interest.'" *In re A.L.H.*, 12th Dist. No. CA2010-02-004, 2010-Ohio-5424, ¶ 8, quoting *In re C.K.*, Butler App. No. CA2008-12-303, 2009-Ohio-5638, ¶ 10, citing R.C. 2151.353(A)(3) and *In re Nice*, 141 Ohio App.3d 445. A "preponderance of the evidence" is evidence that is of greater weight or more convincing than the evidence offered in opposition to it. *In re A.L.H.* In determining the "best interest" of the child, the juvenile court must consider all relevant factors, including those enumerated in, but not limited to, R.C. 3109.04(F)(1), which include "the child's interaction and interrelationship with other family members or others who may significantly affect the child's best interest" and "the child's adjustment to home, school and community." *Id.* at ¶ 9.

{¶ 9} A juvenile court's decision on custody matters is reviewed under an abuse-of-discretion standard and will not be overturned unless it is unreasonable, arbitrary or unconscionable. *Id.* at ¶ 10. Moreover, because of the nature of custody disputes, the juvenile court's decision on such matters is to be accorded "paramount deference" since the juvenile court is in the best position to evaluate the credibility of the witnesses' testimony. *Id.*

- 3 -

{¶ 10} Here, there was sufficient evidence presented to support the trial court's decision to grant legal custody of E.D. to A.H., and to grant legal custody of A.J. to J.D. and K.D. Appellant has had more than sufficient time to make a concerted effort to substantially complete the case plan but has failed to do so, and as a result, she is essentially no closer to addressing the issues which led to the juvenile court's initial decision to remove the children from her care. Uncontroverted evidence was presented that both children were doing well in their respective placements, the children's basic needs were met by their respective custodians during their placement, and each of the custodians wanted to obtain legal custody of the child that was in his or her care.

{¶ 11} Furthermore, the children have been in their respective placements for almost a year now, and appellant has failed to provide any persuasive reason for disturbing the stability that they now enjoy in the legal custody of their relatives. The trial court's custody decision is further supported by the facts that the children have been placed with relatives and not strangers and that granting legal custody to the relatives does not permanently divest appellant of her parental rights, but instead, allows her to retain "residual rights" to the children, including the right to reasonable visitation with them. See *In the Matter of Coffey*, 12th Dist. No. CA97-05-021, 1998 WL 24341 (Jan. 26, 1998). In light of all the facts and circumstances of this case, we conclude that the trial court's decision to award legal custody of the children to the respective fathers' relatives was supported by the preponderance of the evidence and was in the best interest of the children, and therefore, was not an abuse of discretion.

{¶ 12} Accordingly, appellant's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and BRESSLER, J., concur.

Bressler, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.